# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGAL BELOIT AMERICA, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:16-cv-00111-JCH ) |
| BROAD OCEAN MOTOR LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Broad Ocean Technologies, LLC's ("BOT") and Broad Ocean Motor LLC's ("BOM") (together "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 11.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

On January 28, 2016, Plaintiffs Regal Beloit America, Inc. and Jakel Motors Incorporated filed this patent-infringement action, seeking damages and injunctive relief, and naming as defendants BOT, BOM, and Zhongshan Broad Ocean Motor Co., Ltd. ("Zhongshan") (collectively, "Broad Ocean"). (ECF No. 1.) In their Complaint, Plaintiffs allege the following.

Plaintiffs are corporations existing under the laws of the state of Wisconsin, and they maintain principal places of business there. *Id.* ¶¶ 1-2. BOM "is a corporation organized and existing under the laws of the State of Delaware, with an office at 201 E. 5th Street, Washington, Missouri 63090." *Id.* ¶ 3. BOT "is a Michigan Limited Liability Company, and has purposefully availed itself of the privilege of conducting business with residents of Missouri,

inter alia, by registering with the State of Missouri, and as such has established sufficient minimum contacts with the State of Missouri." *Id.* ¶ 4. "Upon information and belief, Broad Ocean is using, selling, distributing, and offering for sale in the Eastern District of Missouri blowers which infringe patents owned by [Plaintiffs]." *Id.* ¶ 6.

On May 13, 2016, Zhongshan filed an Answer to the Complaint, admitting therein that "it is doing business in Missouri and has sold, supplied, and imported certain blowers for use on HVAC products into the State of Missouri." (ECF No. 13 ¶ 5.) The same day, Defendants moved to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 11.)

Defendants have attached to their Motion two sworn declarations from Terry Zhang, the General Manager of both companies. (ECF Nos. 12.1, 12.2.) Zhang attests that BOT is "a limited liability company incorporated in Michigan, with its principal place of business [there]," and that BOM is "a limited liability company incorporated in Delaware, with its principal place of business…[in] Illinois." *Id.* Zhang also attests that Defendants are not involved in the "design, manufacture, importation, offer for sale, sales, or distribution, of any of the accused products" that are described in the Complaint; and that BOT, BOM, and Zhongshan are separate and distinct legal entities. *Id.* As to BOT, Zhang further attest that "although BOT is registered to do business in Missouri, it has no employees, offices or facilities in Missouri." (ECF No. 12.2 at 2-3.) As to BOM, Zhang attests that while BOM has a technical support office in Washington, Missouri, the office does not provide "any services associated with the manufacture, design, offer for sale, sale, distribution, and/or importation of any of the accused products in this lawsuit." (ECF No. 12.1 at 2-3.)

## **LEGAL STANDARD**

The Due Process Clause of the Fifth Amendment limits the power of a federal court to exercise personal jurisdiction over a nonresident defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1389 n.2 (8th Cir. 1991). In cases involving the substance of patent law, the law of the Federal Circuit governs jurisdictional questions. *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008).

Whether the Court can exercise personal jurisdiction over an out-of-state defendant involves a dual inquiry: (1) jurisdiction must be allowed by Missouri's long-arm statute; and (2) the reach of the long-arm statute must comport with due process. *See Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1343-44 (Fed. Cir. 2006). Missouri's long-arm statute authorizes personal jurisdiction over defendants who, inter alia, transact business or commit a tort within the State. *See* Mo. Rev. Stat. § 506.500.1; *see also Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010) ("Infringing upon a trademark, as a tort, may be grounds for personal jurisdiction under Missouri's long-arm statute"). The two requirements essentially collapse into one, as Missouri interprets its long-arm statute in accordance with the limits permitted under the Due Process Clause. *See State ex rel. K-Mart Corp. v. Hollinger*, 986 S.W2d 165, 168 (Mo. banc. 1999).

Due process requires that the defendant have "minimum contacts with the [forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Avocent*, 552 F.3d at 1329 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted). "Consistent with these principles, the Supreme Court has drawn a distinction between 'specific' jurisdiction and 'general' jurisdiction." *Avocent*, 552 F.3d at 1330.

A court may assert general jurisdiction to hear "any and all claims against [defendants] only when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quotations and citations omitted). "To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum…and the litigation results from alleged injuries that arise out of or relate to those activities." *Avocent*, 552 F.3d at 1324 (quotations and citation omitted). For both general and specific jurisdiction, "[t]he fundamental inquiry is whether the defendant has 'purposefully availed' itself of the 'benefits and protections' of the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985).

The burden of establishing minimum contacts rests with the plaintiff, while the burden of showing jurisdiction is unreasonable rests with the defendant. *See Inamed Corp. v. Kuzmak*, 249 F.3d at 1356, 1360 (Fed. Cir. 2001) (citation omitted). At this stage in the proceedings, because the parties have not yet conducted discovery, Plaintiffs need only to make a prima facie showing that Defendants are subject to personal jurisdiction in Missouri. *See Avocent*, 552 F.3d at 1329. For this reason, the pleadings and affidavits are construed in the light most favorable to Plaintiffs. *See id.*

## **DISCUSSION**

Defendants argue that they are not subject to general jurisdiction because neither BOT nor BOM is incorporated in Missouri or has its principal place of business here, and that there is

no basis for asserting specific jurisdiction because Plaintiffs cannot demonstrate that their claims arose out of or relate to any activities that either BOT or BOM purposely directed at the state of Missouri. (ECF Nos. 11, 12.)

In opposition to Defendants' Motion, Plaintiffs contend that (1) Defendants are judicially estopped from asserting that this Court lacks personal jurisdiction; (2) that the quality, quantity, and relation of Defendants' contacts to the cause of action all favor the exercise of personal jurisdiction; and (3) that the interests of the forum State in providing a forum for its residents favors the exercise of personal jurisdiction. (ECF No. 17.)

## A. *Judicial Estoppel*

Plaintiffs first contend that Defendants are judicially estopped from asserting that this Court lacks personal jurisdiction because in a previous lawsuit Defendants conceded personal jurisdiction. Plaintiffs specifically refer to, and have attached as an exhibit to their responsive pleading, a June 2015 motion to transfer filed by Defendants in an unrelated patent matter. (ECF No. 17.1.) In their motion to transfer, Defendants sought to transfer the unrelated matter from the Eastern District of Texas to the Eastern District of Missouri, arguing that the action had "significant connections to the Eastern District of Missouri"; that "[a]ll parties have offices and employees in that judicial district"; and that "Defendants all reside [there]." *Id.* at 6. For support, Plaintiffs cite *Bruce Lee Enters., LLC v. A.V.E.L.A.*, No. 10 Civ. 2333(LTS), 2011 WL 1327137, at *1-3 (S.D.N.Y. Mar. 31, 2011). In *Bruce Lee*, the defendants were judicially estopped from arguing that the district court lacked personal jurisdiction after they had moved to transfer the litigation to the Southern District of New York.

This Court finds *Bruce Lee* distinguishable. The defendants in *Bruce Lee* moved to dismiss for lack of personal jurisdiction after they had already argued, in the same litigation, that

5

transfer to the Southern District of New York would be proper. The Court in *Bruce Lee* explained that "[i]n arguing for transfer to the Southern District of New York, Defendants necessarily, although implicitly, argued that this Court had personal jurisdiction over them *at the time Plaintiff originally filed suit.*" *Id.* at *3 (emphasis added). Defendants here, however, moved to transfer in a prior unrelated patent matter, not in the case at bar.

Without the benefit of on-point case law, this Court is not convinced that general jurisdiction is forever established over Defendants solely because of their admissions in a prior unrelated case, particularly when these admissions did not previously result in an explicit finding of general jurisdiction. In addition, Plaintiffs have not shown that Defendants' prior admissions regarding their operations in Missouri pertain to the accused products in this matter. Plaintiffs also have not submitted any evidence demonstrating that, at the time they filed their Complaint, Defendants had "continuous" and "systematic" contacts here sufficient to satisfy general jurisdiction. *Cf. Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 441 (D.N.J. 2015) (rejecting plaintiffs' argument that defendant was subject to general jurisdiction because its corporate predecessors previously litigated 11 patent cases in 14 years in state; "Given the high threshold of business activity that is required under *Daimler*, the Court is not convinced that general jurisdiction may be established solely on Defendant's corporate predecessors' past activity when Defendant has no current business activity"); *AstraZeneca AB v. Mylan Pharms., Inc.*, 72 F. Supp. 3d 549, 554-56, 2014 WL 5778016, at *4 (D. Del. Nov. 5, 2014) (rejecting argument that defendant was at home in state because of its extensive litigation history in district; "familiarity with the court system of Delaware is insufficient to render a defendant at home here, as envisioned by *Daimler*.").

### B. Nature of Contacts

Plaintiffs next assert that the quality, quantity, and relation of Defendants' contacts to the cause of action all favor the exercise of personal jurisdiction. Plaintiffs argue that it is reasonable to believe that all three entities "are acting in concert…and that BOM and BOT are involved in "[Zhongshan's'] admitted activity in the state," because Defendants are closely-held affiliates of Zhongshan, because Zhongshan "routinely acts as if the three entities are intertwined," and because Defendants rely on declarations from the same General Manager who resides in the same town as Zhongshan in China. *Id.* at 4-5.

However, Plaintiffs have not provided any evidence demonstrating that Defendants and Zhongshan engaged in a concerted effort to sell, supply, and import the accused products into Missouri, let alone that the entities routinely act as if they were intertwined. On the contrary, the affidavits submitted by Defendants demonstrate that neither BOT nor BOM was involved in the "design, manufacture, importation, offer for sale, sales, or distribution, of any of the accused products," and that BOT, BOM, and Zhongshan are legally distinct entities. Plaintiffs have also failed to provide any authority supporting the proposition that Zhongshan's business contacts in Missouri may be imputed to Defendants by virtue of the mere fact that they are Zhongshan's affiliates. *Cf. Arnold v. AT&T, Inc.*, 874 F. Supp. 2d 825, 836 (E.D. Mo. 2012) (plaintiffs failed to show how or why affiliate could be deemed "alter ego" or "conduit" of other defendants). On the record before the Court, Plaintiffs' conclusory and ambiguous assertions that Defendants and Zhongshan acted "in concert," without more, are insufficient to make the requisite prima facie showing of minimum contacts with the State to satisfy due process.

Plaintiffs also assert that Defendants have "particularized contact with the State of Missouri warranting the exercise of personal jurisdiction over them." (ECF No. 17 at 5.) As to

BOT, Plaintiffs argue that BOT's registration to do business in the State and its appointment of an agent for service of process here constitutes consent to personal jurisdiction in Missouri. As to BOM, Plaintiffs argue that BOM's operation of a technical support office in Washington, Missouri and its employment of at least two individuals who reside there demonstrate that it has sufficient contacts with the State to exercise jurisdiction. *Id.* at 5-6. The Court will address these arguments in turn.

In *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199-1200 (8th Cir. 1990), the Eighth Circuit held that a corporation's registration to do business and designation of an agent for service of process in a state may, depending on the scope of the statutory consent, serve as consent to personal jurisdiction in that state for any cause of action later brought against the corporation. Since *Daimler*, several courts in this district have applied *Knowlton* and found that registration and appointment of an agent for service of process under Missouri law provides consent to personal jurisdiction. *See Trout v. SmithKline Beechman Corp.*, No. 4:15 CV 1842 CDP, 2016 WL 427960, at *1 (E.D. Mo. Feb. 4, 2016); *Mitchell v. Eli Lilly & Co.*, 4:15-CV-1846 CEJ, 2016 WL 362441, at *5-9 (E.D. Mo. Jan. 29, 2016); *see also* Mo. Rev. Stat. §§ 351.586 (each foreign corporation authorized to transact business in this state shall continuously maintain in this state a registered agent), 351.594 (registered agent of foreign corporation authorized to transact business in this state is corporation's agent for service of process, notice, or demand required or permitted by law to be served on foreign corporation).

Other courts in this district, however, have rejected the proposition that a defendant's registration to do business in the state of Missouri subjects them to personal jurisdiction, based upon the "tighter framework" set forth in *Daimler*. *Neeley v. Wyeth LLC*, 4:11-cv-00325 JAR, 2015 WL 1456984, at *3 (E.D. Mo. Mar. 30, 2015); *see also Keeley v. Pfizer Inc.*, 4:15CV00583

ERW, 2015 WL 3999488, at *4 (E.D. Mo. July 1, 2015). In *Daimler*, the Supreme Court limited general jurisdiction for a corporation to its place of incorporation or principal place of business, apart from the "exceptional case," and clarified that the exercise of general jurisdiction in every state in which a corporation engages in substantial, continuous, and systematic course of business would be "unacceptably grasping." 134 S. Ct. at 761 n.19; *see also Neeley*, 2015 WL 14569984, at *3 ("Foreign corporations authorized to transact business in Missouri are also required to maintain a registered agent in the state…Therefore, to extend the Plaintiff's reasoning to its natural conclusion, every foreign corporation transacting business in the state of Missouri would be subject to general jurisdiction here. *Daimler* clearly rejects this proposition.").

Contrary to Defendants assertion that *Daimler* controls here, this Court concludes that, for the reasons set forth in *Mitchell*, *Knowlton* remains controlling law. The holding in *Daimler* discussed the limits of general jurisdiction where a "foreign corporation…has not consented to suit in the forum." 134 S. Ct. at 756 (quotation omitted). *Daimler* did not discuss consent to personal jurisdiction effected by compliance with the relevant state's statutes regarding registration to do business and appointment of an agent for service of process. *See Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 769 (Fed. Cir. 2016) (O'Malley, J., concurring) ("There is no discussion of registration statutes in *Daimler*"; "*Daimler* did not impliedly eradicate the distinction between cases involving an express consent to general jurisdiction and those analyzing general jurisdiction in the absence of consent; it actually maintains it"; citing *Knowlton*). As Judge O'Malley noted in her concurrence in *Acorda*, the Supreme Court had no occasion to consider the consent issue in *Daimler* because "California— the state where the action at issue was pending—had interpreted its registration statute as one that did not, by compliance with it, give rise to consent to personal jurisdiction." *Id.* Thus, this

9

Court agrees with the holding in *Mitchell*: "Missouri's registration statutes confirm that by registering to do business in Missouri and maintaining an agent for service of process here, [BOT] has 'consent[ed] to the jurisdiction of [Missouri's] courts for any cause of action, whether or not arising out of activities within the state.'" *Mitchell*, 2016 WL 362441, at *8 (quoting *Knowlton*, 900 F.2d at 1200)).

As to BOM, the Court disagrees that BOM's operation of a technical support office in Missouri and its employment of "at least two individuals" here constitute sufficient contacts with the State to satisfy general jurisdiction, as envisioned by *Daimler*. In addition, although Plaintiffs claim that the BOM employees residing in Missouri "possess technical knowledge of BO products being sold and distributed in the United States," the evidence Plaintiffs rely on (i.e., Defendants' admissions in the prior unrelated patent litigation) does not demonstrate that these employees possess technical knowledge of the accused products in this case.

**C.** *Interests of the Forum State*

Finally, Plaintiffs assert that the interests of the forum state in providing a forum for its residents favors the exercise of personal jurisdiction over Defendants. Plaintiffs again rely upon Defendants' admissions in the prior unrelated patent litigation. (ECF No. 17 at 6.) As discussed above, Plaintiffs have failed to demonstrate that Defendants' admissions accurately reflect their current operations in state, or that they in any way pertain to the accused products in this matter. In addition, none of the Parties in this case reside in Missouri. *Cf. Burger King*, 471 U.S. at 473 ("A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors"); *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1389 (8th Cir. 1995) (state "has an obvious interest in providing a local forum in which its residents may litigate claims against

non-residents"). Thus, the Court finds that this factor does not favor the exercise of personal jurisdiction over Defendants. *See Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 912 (8th Cir. 2014) (interests-of-forum-state factor carries less weight and is not dispositive).

## CONCLUSION

In view of the foregoing, the Court concludes that BOT has consented to jurisdiction by registering to do business in the state of Missouri and appointing an agent for service of process here. The Court further concludes that Plaintiffs have failed to show that BOM has sufficient contacts with the state to justify the exercise of either general or specific jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Broad Ocean Technologies, LLC's and Broad Ocean Motor LLC's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) is **GRANTED in part**, and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Broad Ocean Motor LLC are **DISMISSED without prejudice**.

Dated this  30th  day of June, 2016.

/s/   Jean C. Hamilton
UNITED STATES DISTRICT JUDGE