**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| REGAL BELOIT AMERICA, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-00111-JCH |
| | ) | |
| BROAD OCEAN MOTOR LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

1

This patent infringement matter is before the Court on Plaintiffs Regal Beloit America, Inc.'s and Jakel Motors Incorporated's Motion for Entry of a Protective Order. (ECF No. 27.) The Motion is fully briefed and ready for disposition. The Parties have agreed on all terms of the proposed protective order except for three issues (1) whether the parties may file confidential documents under seal without leave from the Court; (2) whether the protective should include a provision requiring use of Hague Convention procedures; and (3) whether the protective order should include a patent prosecution bar. The Court will discuss these issues in turn.

### *Filing Documents under Seal*

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court to enter a protective order restricting discovery, and specifically identifies "confidential research, development, or commercial information" as examples of the type of information for which good cause exists to order that it "not be revealed or be revealed only in a specific way." Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Local Rule 83-13.05 states that "[u]pon a showing of good cause the Court may order that documents filed in a civil case be received and maintained by the Clerk under seal."

Plaintiffs request that the Court enter an order allowing the parties "to file confidential documents under seal, rather than requiring the parties to seek permission piecemeal." Defendants on the other hand request that the Court enter an order requiring the Parties to seek leave of Court each time they wish to file a document under seal. Upon consideration of the Parties arguments, the Court will grant Defendants' request.

### **Hague Convention Procedures**

The Supreme Court has "decline[d] to hold as a blanket matter that comity requires resort to Hague Evidence Convention procedures." *Societe Nationale Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522, 544 (1987). A party seeking to include a provision requiring use of Hague Convention procedures has the burden to "'demonstrate appropriate reasons for employing Convention procedures in the first instance, for some aspects of the discovery process.'" *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 305 (3d Cir. 2004) (quoting *Societe Nationale*, 482 U.S. at 547). Although the Court in *Societe Nationale* did not "articulate specific rules to guide" whether adoption of Hague Convention procedures is proper, a district court should consider "the particular facts, sovereign interests and likelihood that resort to [Hague Convention] procedures will prove effective." *Societe Nationale*, 482 U.S. at 544-46.

Defendants, as the proponents for inclusion of a provision requiring use of Hague Convention procedures, bear the burden of showing that the adoption of such procedures is proper. Defendants concede, however, that "[a]t this early stage, and based upon their investigation to-date," they have not identified any documents or information requested by Plaintiffs that would subject Defendant Zhongshan Broad Ocean Motor Co., Ltd. ("BOM") to potential civil or criminal liability, or that would otherwise be inconsistent with China's Declaration on accession to the Hague Convention. Defendants nevertheless contend that their proposed provision should be included in the protective order, in effect as a contingency, because Defendants do not "know what issues may arise in the future regarding Plaintiffs' intended litigation and discovery strategies," and because BOM "desires to avoid potential civil or criminal liability in China in connection with discovery."

Since Defendants are unable at this juncture to identify any documents or information requested by Plaintiffs that pose any civil or criminal lability issues in China, the Court finds that

3

Defendants' proposed provision is premature at this stage in the litigation. *See Autodesk, Inc. v. ZWCAD Software Co. Ltd.*, No. 5:14-cv-01409-EJD, 2015 WL 1928184, at *7 (N.D. Cal. Mar. 27, 2015) ("ZWSoft's concerns about the potentially overly broad nature of discovery Autodesk may make in the future are not sufficient to justify imposition of the Hague Convention procedures here.") Therefore, the Court will deny Defendants' request, without prejudice.

### *Patent Prosecution Bar*

Patent prosecution bars address the concern over inadvertent disclosure arising in patent infringement cases when trial counsel also represents the same client in prosecuting other, usually related, patent applications before the United States Patent and Trademark Office ("PTO"). *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1377-78 (Fed. Cir. 2010). The Federal Circuit has explicitly held that "the determination of whether a protective order should include a patent prosecution bar" is an issue unique to patent law and therefore governed by Federal Circuit law. *Id.*

The party seeking a patent prosecution bar bears the burden of showing good cause for its inclusion in a protective order. *See id.* at 1378 (citing Fed. R. Civ. P. 26(c)). The proponent of the bar must show that counsel's representation of the client in matters before the PTO is likely to implicate "'competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation.'" *Clayton Corp. v. Momentive Performance, Materials, Inc.*, No. 4:12CV1349 AGF, 2013 WL 2099437, at *1 (E.D. Mo. May 14, 2013) (quoting *Deutsche Bank*, 605 F.3d at 1381). Competitive decision making has been defined "counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product, design, etc.) made in light of similar or corresponding information about a

4

competitor." *Deutsche Bank*, 605 F.3d at 1378 (quotation omitted). It is "specific evidence—not an inflexible rule—that supports a finding of competitive decision making." *Pfizer Inc. v. Apotex Inc.*, 744 F. Supp. 2d 758, 765 (N.D. Ill. 2010) (citing *Deutsche Bank*, 605 F.3d at 1380). Therefore, it is incumbent upon a party seeking a prosecution bar to provide such evidence. *See Clayton Corp.*, 2013 WL 2099437 at *2.

Defendants, as the proponents of the bar, bear the burden of persuasion here. Defendants assert that the proposed patent prosecution bar is required because Plaintiffs directly compete with Defendants; because discovery in this case will require that Defendants produce highly confidential, proprietary, and trade secret documents related to the design and construction of the accused products; and because Plaintiffs' counsel seeks to handle future patent prosecution regarding like technology and has worked on Plaintiffs' patent applications, strategy, and counseling in the past.

Plaintiffs assert that the language they present in their proposed protective order prohibiting the use of any confidential information for purposes other than litigating this case and any appeals is adequate to protect Defendants' interests here, and that Defendants make no showing that there is an unacceptable risk of inadvertent disclosure of confidential information. Plaintiffs further argue that the proposed bar is overbroad and ambiguous, and that they will be prejudiced by the imposition of such a bar because it will effectively preclude them from obtaining legal counsel of their choice.

Upon consideration of the relevant case law and the record before it, the Court rejects Defendants' proposal to include a patent prosecution bar in the protective order. Defendants have not met their burden of showing good cause for entry of such a bar. *See Deutsche Bank*, 605 F.3d at 1381 ("[A] party seeking imposition of a patent prosecution bar must show that the

information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information.")  Defendants make generalized assertions that the Parties are competitors, and that, absent a patent prosecution bar, Plaintiffs' patent prosecution counsel will inadvertently use the information they learn in this litigation as they continue to work on Plaintiffs' patent application, strategy, and counseling. Defendants offer no specific evidence in support thereof.  "The Court is unwilling to preclude lawyers from litigating here or in front of the PTO on the basis of a vague and generalized threat of future inadvertent misuse of discovered materials and in the absence of specific evidence that Plaintiff's counsel engages in competitive decision making."  *Clayton Corp.*, 2013 WL 2099437 at *4 ("Defendants have not provided the Court with an affidavit, declaration, or any other form of evidence on any issue related to the proposed prosecution bar…"); *see also Pfizer*, 744 F. Supp. 2d at 768.  The Court will therefore deny Defendants' request for a patent prosecution bar, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of a Protective Order (ECF No. 27) is **GRANTED in part**, and **DENIED in part**.  A separate Protective Order shall issue.

Dated this 4th day of January, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE